```
          ┌─────────────────────────────────────┐
          │ ____ FILED            ____ RECEIVED  │
          │ ____ ENTERED          ____ SERVED ON │
          │         COUNSEL/PARTIES OF RECORD    │
          │  ┌───────────────────────────────┐   │
          │  │          MAY 3 1 2016         │   │
          │  └───────────────────────────────┘   │
          │      CLERK US DISTRICT COURT         │
          │        DISTRICT OF NEVADA            │
          │  BY: _____     DEPUTY     │
          └─────────────────────────────────────┘
```

1   ROBERT W. FREEMAN, ESQ.
    Nevada Bar No. 003062
2   Email: Robert.Freeman@lewisbrisbois.com
    PAMELA L. MCGAHA, ESQ.
3   Nevada Bar No. 8181
    Email: Pamela.McGaha@lewisbrisbois.com
4   LEWIS BRISBOIS BISGAARD & SMITH LLP
    6385 S. Rainbow Boulevard, Suite 600
5   Las Vegas, Nevada 89118
    702.893.3383
6   FAX: 702.893.3789
    *Attorneys for Defendant*
7   *STATE FARM MUTUAL AUTOMOBILE*
    *INSURANCE COMPANY*

8

9                    UNITED STATES DISTRICT COURT

10              DISTRICT OF NEVADA, NORTHERN DIVISION

11

12  KATHLEEN R. HACKLER, formerly known     CASE NO. 3:14-cv-00531-MMD-VPC
    as KATHLEEN R. ROMERO,
13                                          STIPULATED CONFIDENTIALITY
                     Plaintiff,             AGREEMENT AND PROTECTIVE
14                                          ORDER
          vs.
15
    STATE FARM MUTUAL AUTOMOBILE
16  INSURANCE COMPANY; DOES 1-X,
    inclusive; ABC CORPORATIONS,
17  inclusive; and, XYZ PARTNERSHIPS,
    inclusive,
18
                     Defendant.
19

20          Upon order of the Court (Doc. #59), Plaintiff KATHLEEN R. HACKLER ("Plaintiff")

21  and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State

22  Farm"), the parties having met and conferred on the matter, hereby agree to the following

23  stipulated confidentiality agreement and protective order and request that the Court enter

24  an order upon said stipulation:

25          1.      This Confidentiality Agreement and Protective Order shall govern the

26  production of a certain section of the State Farm Auto Claims Manual titled "Advanced

27  Payment of First Party Coverages" (the "Advanced Payment section").

28  / / /

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

4828-7615-0578.1

2.     State Farm asserts that the Advanced Payment section is confidential and proprietary within the meaning of FRCP 26(c)(1)(G).     State Farm will produce the Advance Payment section upon the Court's entry of this Stipulated Confidentiality Agreement and Protective Order.

3.     Prior to production, State Farm will mark the Advance Payment section "Confidential and Proprietary" and "Produced pursuant to Confidentiality Agreement and Protective Order."

4.     Upon production, the Advanced Payment section shall be revealed only to:

a)     Plaintiff;

b)     Plaintiff's counsel of record in this case;

c)     Defendant;

d)     Defendant's counsel of record in this case;

e)     Paralegals and secretarial employees under counsels' direct supervision;

f)     Outside photocopying, translating, document management, and exhibit preparation services engaged by a party for purposes of this litigation;

g)     Persons employed by counsel to act as consultants or experts in this action;

h)     Any other person State Farm agrees in writing may be shown such documents; and

i)     The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action and any jury empanelled in this action and to any order the Court subsequently enters to preserve the confidentiality of documents used at trial.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-7615-0578.1

2

5.    The Advance Payment section shall be used only for the purposes of prosecuting or defending this action.   Under no circumstances shall the Advance Payment section be disclosed to or discussed with anyone other than the individuals designated in Paragraph 4.

6.    Prior to disclosure of the Advance Payment section to any individual other than those designated in Paragraph 4 subsections (a), (b), (c), (d), (e), and (i), counsel shall require such individual to read this Protective Order and sign the Agreement which is attached hereto as Exhibit A and shall provide a copy of the signed Agreement to counsel for State Farm.

7.    Prior to submitting any filing which attaches or contains language from the Advance Payment section, Plaintiff must confer with State Farm regarding submitted the filing under seal. At State Farm's discretion, Plaintiff will file the pleading under seal and State Farm will contemporaneously file a motion for leave to file the documents under seal, consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreements among the parties, State Farm bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

8.    This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

9.    If any Party believes that it is not bound by this Order respecting the Advance Payment section, it shall give notice to counsel for State Farm at least 30 days before the Party uses or discloses the Advance Payment section in a manner prohibited by this Order, to enable State Farm to contest the intended use through a motion to the Court.

10.    Within 30 days of the final termination of this case, the Advance Payment section, including any copies or extracts or summaries thereof or documents containing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-7615-0578.1          3

1 | information taken therefrom, shall be returned to counsel for State Farm.   In the

2 | alternative, within 30 days of the final termination of this case, all such documents,

3 | including copies or extracts or summaries thereof, may be shredded or disposed of in a

4 | manner to ensure the destruction thereof and a declaration certifying such destruction or

5 | disposal provided to State Farm.

6 |    11.    In any action or proceeding to enforce this Stipulated Protective Order the

7 | prevailing party shall be entitled to recover its reasonable attorneys' fees and costs,

8 | without limiting any other relief that may be available.

9 |    12.    This Order shall remain in effect until the conclusion of this case.

10 | DATED this 27th day of May, 2016.          DATED this 27th day of May, 2016.

11 | LEWIS BRISBOIS BISGAARD & SMITH          BRADSHAW LAW LLC

12

13 | /s/ Pamela L. McGaha                     /s/ Denise A. Bradshaw
   | ROBERT W. FREEMAN, ESQ.                  DENISE A. BRADSHAW, ESQ.
14 | Nevada Bar No. 03062                     Nevada Bar No. 10521
   | PAMELA L. MCGAHA, ESQ.                   603 Pine Street
15 | Nevada Bar No. 8181                      Elko, Nevada 89801
   | 6385 S. Rainbow Boulevard, Suite 600     Attorneys for Plaintiff
16 | Las Vegas, Nevada 89118
   | Attorneys for Defendant

17

18

19

20                              **ORDER**

21     IT IS SO ORDERED.

22

23                              _____
                                DISTRICT COURT JUDGE
24                              DISTRICT COURT MAGISTRATE JUDGE

25

26                              Dated: May 31, 2016

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-7615-0578.1                    4

## EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER in the lawsuit captioned Kathleen Hackler vs. State Farm Mutual Automobile Insurance Company (United States District Court, District of Nevada Case No. 3:14-cv-00531-MMD-VPC).  The undersigned agrees to be bound by the terms of the referenced *Stipulated Confidentiality Agreement and Protective Order* in the same manner as Plaintiff, Defendant, and their attorneys.

DATED this _____ day of _____, 2016.

By: _____
Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City            State   Zip

_____
Occupation of Business

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-7615-0578.1