UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHLEEN R. HACKLER, formerly known as KATHLEEN R. ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES 1-X, inclusive; ABC Corporations, inclusive; and XYZ PARTNERSHIPS, inclusive,<br><br>Defendants. | Case No. 3:14-cv-00531-MMD-VPC<br><br>ORDER<br><br>(Pl.'s Motion for Partial Summary Judgment – ECF No. 24; Def.'s Motion for Partial Summary Judgment – ECF No. 37) |

**I.    SUMMARY**

Plaintiff Kathleen R. Hackler is suing Defendant State Farm Mutual Automobile Insurance Company ("State Farm") and various unnamed defendants for breach of contract and a number of related claims. Hackler now moves for partial summary judgment on her claims that State Farm violated the Nevada's unfair trade practices statute, NRS § 686A.310, as well as and NRS § 690B.012 ("Hackler's Motion"). (ECF No. 24.) State Farm has moved for partial summary judgment on Hackler's claims for breach of the duty of good faith and fair dealing, insurance unfair trade practices, and intentional infliction of emotional distress ("State Farm's Motion"). (ECF No. 37.)[1] The Court has reviewed the parties' respective responses (ECF Nos. 38, 44) and replies (ECF Nos. 42, 55).

For the reasons discussed below, Hackler's Motion is denied and State Farm's Motion is granted in part and denied in part.

---

[1] Neither party seeks summary judgment on Heckler's claims for breach of contract or breach of fiduciary duty.

## II. BACKGROUND

In October 2010 Hackler was insured by a State Farm automobile insurance policy ("the Policy"). (ECF No. 1-1 ¶ 4.) Among other things, the Policy provided coverage for damage caused by an underinsured driver up to $50,000. (*Id.*; ECF No. 37 at 8.)

On October 8, 2010, Hackler was involved in a three vehicle accident that left her with significant injuries. (ECF No. 1-1 ¶ 7; ECF No. 37 at 7.) In December 2012 and May 2013, the two other motorists' insurance companies tendered their respective policy limits ($100,000 and $50,000) to Hackler. (ECF No. 1-1¶ 8.) Hackler sought the additional coverage of her own policy's underinsured driver provisions and submitted a policy limit demand on December 13, 2013. (ECF No. 25 ¶ 6.)

Hackler alleges State Farm did not respond to her demand, and so she filed this lawsuit in state court, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, unfair trade practices in violation of NRS § 686A.310, breach of fiduciary duty, and intentional infliction of emotional distress. (ECF No. 24 at 7-7.) State Farm removed the case to this Court. (ECF No. 1.)

The parties now move for partial summary judgment on a number of claims.

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not

appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (quoting William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139

F.R.D. 441, 499 (Feb. 1992) (citations omitted). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

### A. Hackler's Motion

Hackler seeks summary judgment on two claims: violation of Nevada unfair trade practices (NRS § 686A.310) and violation of the Nevada prompt payment statute (NRS § 690B.012). These claims both fall under the third claim for relief identified in her Complaint. (ECF No. 1-1 at 7-8.)

#### 1. NRS § 686A.310

NRS § 686A.310 lists a number of activities that are considered unfair practices in the context of insurance. Hackler argues that State Farm has violated subsections (b), (c), (d), (e), (f), (k), and (n), which prohibit the following:

> (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
> (c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.
> (d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.
> (e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.
> (f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.
> [...]
> (k) Delaying the investigation or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.
> […]
> (n) Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

NRS § 686A.310.

State Farm's response is two-fold. First, State Farm argues Nevada law makes it clear that an insurance company cannot be held liable for the unfair practices listed above unless "an officer, director or department head of the insurer ha[d] knowingly permitted" an unfair practice. (ECF No. 38 at 2 (citing NRS § 686A.270).) Second, State Farm argues that the record contains sufficient evidence to create material disputes of fact as to each subsection listed above.

The Court agrees with State Farm's first line of argument. The unfair practices statute clearly requires proof that an officer, director or department head was aware of the violations. NRS § 686A.270; *see also Yusko v. Horace Mann Servs. Corp.*, No. 2:11-CV-00278-RLH, 2012 WL 458471, at *4 (D. Nev. Feb. 10, 2012) (granting summary judgment where plaintiff had not presented any evidence that an officer, director or department head was aware of the conduct in question). Hackler has not produced any such evidence, and therefore she has failed to meet her initial burden on summary judgment.

Hackler argues that State Farm's Claims Team Managers qualify as department heads under NRS § 686A.270. (ECF No. 42 at 7.) Such a reading is inconsistent with the plain language of the statute and the doctrine of *noscitur a sociis* — which counsels that words in a statute should be understood in the context of the words around them. *See Bldg.* Energetix *Corp. v. EHE, LP*, 294 P.3d 1228, 1234 (Nev. 2013). If the legislature wanted to include managers in the list of officials, they likely would have included the term manager. Additionally, the two other positions in the list — officer and director — are senior positions within a company and are typically limited to a small number of individuals. The doctrine of *noscitur a sociis* suggests that a department head should be understood similarly. Expanding its reach to team managers is inconsistent with such an understanding.

For these reasons, Hackler's Motion is denied as it relates to her claims based on NRS § 686A.310.

///

### 2. NRS § 690B.012

NRS § 690B.012, sometimes referred to as the prompt payment statute, requires insurance providers to approve or deny a claim within 30 days, or notify the policyholder that it needs additional information or time and explain why.

Hackler argues that it is clear from the record that State Farm did not comply with the provisions of NRS § 690B.012. In response, State Farm argues that the statute does not create a private right of action for violation of NRS § 690B.012.

The Nevada Supreme Court has clearly held that "there is no private right of action in the district court under the statute." *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 991 (Nev. 2007). Hackler attempts to parse the holding of *Thorpe*, but the language on which she relies does not help her case. She argues that the Nevada Supreme Court expressly limited its ruling when it said: "We note that our ruling today does not foreclose actions for tortious and contractual bad faith against first party insurers. It simply restricts recovery of payments and interest under NRS 690B.012 to the administrative realm." (ECF No. 42 at 21 (quoting *Thorpe*, 1290 P.3d at 996).) However, the Supreme Court was simply making clear that parties like Hackler could still recover for undue delays through other causes of action — as Hackler is doing in this case — but NRS 6§ 90B.012 provides only an administrative remedy. In other words, the conduct at issue was actionable, just not through a particular legal avenue.

Therefore, Hackler's Motion is denied as it relates to NRS § 690B.012.

### B. State Farm's Motion

State Farm moves for summary judgment on three claims: breach of the covenant of good faith and fair dealing, violation of Nevada unfair trade practices (NRS § 686A.310), and intentional infliction of emotional distress ("IIED"). State Farm additionally seeks a ruling that it is not liable for punitive damages.

### 1. Good Faith and Fair Dealing

Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr., Inc. v.*

6

*Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must therefore show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Id.*; *see also Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993). ([A]n insured may institute a bad faith action against his or her insurer once the insured establishes "legal entitlement" and unreasonable conduct by the insurer concerning its obligations to the insureds.").

State Farm argues that the record unambiguously shows it never denied Hackler's claim and acted reasonably during the entirety of claim processing, which in turn means that Hackler cannot show the third and fourth elements of her claim. (ECF No. 37 at 31.)

Hackler responds that failing to decide a claim for years is functionally equivalent to denying it. (ECF No. 44 at 17-18 (citing *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1250 (D. Nev. 1994).) Hackler also argues that a finding of bad faith can stem from State Farm's insufficient investigation of her claims. (*Id.* at 19 (citing *Skach v. AAA N. California, Nevada & Utah Ins. Exch.*, No. 3:12-CV-00464-RCJ, 2013 WL 1104744, at *3 (D. Nev. Mar. 7, 2013).) Lastly, Hackler submits that the delays, inadequacy of State Farm's investigation, and interactions between herself and State Farm in the record at the very least show a material dispute of fact about whether State Farm's performance was "unfaithful to the purposes of the contract."

The Court agrees that Hackler has identified a genuine material dispute of fact sufficient to prevent summary judgment on this claim. As is evident from the parties'

7

briefs, there is a great deal of disagreement about what the record shows regarding the quality of State Farm's investigation into Hackler's underinsured motorist claim. (*Compare* ECF No. 37 at 7-25 *with* ECF No. 44 at 5-15.) Hackler alleges, and has produced evidence to support the contention, that State Farm was obligated to investigate and process her UIM claim after she completed the relevant paperwork on December 6, 2010, but failed to take action for years. State Farm argues that it attempted to process the claim but was unable to reach Hackler or her previous attorney, and therefore closed the file on the UIM claim in May 2012. (ECF No. 37 at 14.) State Farm eventually reopened the claim after Hackler's attorney inquired about it in 2014. (*Id.* at 15.) Hackler argues that even after State Farm reopened its investigation into her UIM claim, it ignored letters, required her to complete duplicative forms, and delayed its investigation. (ECF No. 44 at 10-12.) State Farm argues at length that Hackler cannot show bad faith because she cannot show a decision to deny benefits. (*See* ECF No. 55 at 4-5.) However, as courts in this district and elsewhere have recognized, sitting on a claim for an extended period is functionally equivalent to a denial. *See, e.g.*, *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 434 (9th Cir. 2011) (discussing California law); *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 923 (9th Cir. 2008) (discussing Arizona law); *Skach*, 2013 WL 1104744, at *3. As such, the Court finds State Farm's understanding of the requirements of showing bad faith needlessly narrow. A reasonable fact-finder could conclude that State Farm performed in a manner that was unfaithful to the spirit of its agreement with Hackler and denied her reasonable expectations through its delay and inadequate investigation.

State Farm's Motion is therefore denied with respect to the claim for breach of the covenant of good faith and fair dealing.

### 2. Unfair Trade Practices

The Court agrees with State Farm that Plaintiff fails to offer evidence to show knowledge of the violations by the individual holding the positions listed in NRS § 686A.310 in order for the insurance company to be liable. (*See* discussion *supra* Sect.

IV(A)(1).) Furthermore, for the reasons discussed above NRS § 690B.012 does not create a private right of action. (*Id.* at Sect. IV(A)(2).) Therefore, State Farm's Motion is granted with respect to Hackler's claims based on NRS § 686A.310 and § NRS 690B.012 (identified as her third claim for relief in the Complaint).

### 3. Intentional Infliction of Emotional Distress (IIED)

"The elements of a cause of action for intentional infliction of emotional distress are '(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation.'" *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Conduct is extreme or outrageous if it is atrocious, beyond all possible bounds of decency, and utterly intolerable. *Churchill v. Barach*, 863 F.Supp. 1266, 1275 (D.Nev.1994)

State Farm argues that, even evaluating its actions in the light most favorable to Hackley, it has not engaged in, and the record does not show, the type of "extreme and outrageous conduct . . . outside all possible bounds of decency" that is required to prove a claim for IIED. (ECF No. 37 at 32-33 (citing *Maduike v. Agency Rent-A-Car*, 114 Nev. 1 (1998).) State Farm also points to a number of cases outside of Nevada wherein courts have held that bad faith behavior by insurance providers does not amount to IIED. (*Id.*) It argues that this Court should determine that, though it has not yet done so, the Nevada Supreme Court would also hold that bad faith actions by insurance providers do not amount to extreme or outrageous conduct as a matter of law.

Hackler argues Nevada case law suggests that insurers' misconduct may make them susceptible to an IIED claim, and that the record provides ample bases for a reasonable juror to conclude that State Farm engaged in conduct outside the bounds of decency. (ECF No. 44 at 29-32.)

The Court cannot find that, when viewed in the light most favorable to Hackler, a reasonable juror could not find State Farm's conduct extreme or outrageous. Although the Nevada Supreme Court has not definitively spoken on the issue, other jurisdictions

have allowed IIED claims to move forward based on the bad faith actions of insurers. *See, e.g.*, *Young v. Allstate Ins. Co.*, 198 P.3d 666, 692 (Haw. 2008); *cf. Weinstein v. Prudential Prop. & Cas. Ins. Co.*, 233 P.3d 1221, 1248 (Idaho 2010) (unreasonable delay in paying uninsured motorist claim constituted bad faith where plaintiffs suffered severe emotional distress from financial stress); *Cassidy v. Millers Cas. Ins. Co.*, 1 F.Supp.2d 1200, 1203-04, 1213 (D.Colo.1998) (insurer's alleged "pattern of conduct" that recklessly caused severe emotional distress was outrageous because the conduct included forcing the claimants into unnecessary litigation and arbitration). Additionally, as both the cited courts and Hackler have noted, the relationship between an insurer and an insured who has suffered a serious injury may support a finding of outrageous conduct when the insurer is aware of the insured's vulnerable condition. Hackler has pointed to sufficient evidence to create a disputed question of fact about the nature of State Farm's conduct.

State Farm's Motion is denied with respect to Hackler's IIED claim.

### 4. Punitive Damages

In Nevada, punitive damages are available only where "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied," and is available in such circumstances "for the sake of example and by way of punishing defendant." NRS § 42.005 (2009). Nevada law defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person," NRS § 42.001(4) (2009); "fraud" as "an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person," NRS § 42.001(2) (2009); and "malice, express or implied" as "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others," NRS § 42.001(3) (2009). The Nevada Supreme Court has further defined oppression as "a conscious disregard

///

for the rights of others which constitutes an act of subjecting plaintiffs to cruel and unjust hardship."

In *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267 (Nev. 1996), the Nevada Supreme Court upheld an award of punitive damages in a case where an insurance company acted in bad faith in processing an uninsured motorist claim. The court held that the insurer's actions were "willful, intentional and done in reckless disregard of the consequence" to the plaintiffs. *Id.* at 273.

State Farm argues that there is no evidence in the record to support a finding that it had the specific intention to harm Hackler, and that the evidence, even viewed in the light most favorable to Hackler, shows it at least intended to adequately and fairly adjust her claims. (ECF No. 37 at 35-36.) Hackler counters that she need only show implied malice and that the record contains ample examples upon which a fact finder could conclude that State Farm consciously disregarded her rights. (ECF No. 44 at 32-33.)

Viewing the record in the light most favorable to Hackler, the Court finds that a reasonable juror could conclude that State Farm acted with implied malice. As in *Potter*, the record contains a long back-and-forth between insurer and insured over an uninsured motorist claim and a series of decisions and delays that a fact finder could consider evidence of a reckless disregard for Hackler's rights under the Policy.

Therefore, State Farm's Motion is denied as it pertains to punitive damages.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of the parties' Motions.

It is therefore ordered that Hackler's Motion for Partial Summary Judgment (ECF No. 24) is denied.

///

11

It is further ordered that State Farm's Motion for Partial Summary Judgment (ECF No. 37) is granted in part and denied in part. The motion is granted with respect to Hackler's third claim for relief based on NRS § 686A.310 and NRS § 690B.012. It is denied in all other respects.

DATED THIS 26th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE